IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOB A. CUSTARD, Inmate #02728-031, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 04-080-WDS |
| RUSSELL RAU, *et al.*, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Plaintiff, a former inmate in the United States Penitentiary in Marion, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or

in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  After evaluating plaintiff's claims individually, the Court finds it appropriate to exercise its authority under Section 1915A to dismiss those claims that are frivolous before allowing plaintiff to proceed with his remaining claims.  *See also House v. Belford*, 956 F.2d 711, 718-19 (7th Cir. 1992).

Plaintiff states that between February and April 2002, Defendant Rau came by Plaintiff's cell weekly and "violently, vehemently, and furiously, repeatedly" slammed, banged, and rattled Plaintiff's cell gate so loudly that it caused pain and hearing damage.  Plaintiff states that the noise was in excess of 200 decibels.  Plaintiff also states that he suffers from Delayed Sleep Phase Syndrome and he must sleep during the day.  As a result, Defendant Rau's bar-rattling disrupted Plaintiff's sleep.  Plaintiff states that Rau's "unlawful conduct" resulted in "bleeding, contusions, and lacerations."  Plaintiff argues that this conduct violated the Eighth Amendment.  Plaintiff states that he sought administrative remedies for Rau's conduct and because of his grievances and complaints he was retaliated against in a number of ways.  Plaintiff states that he was "locked up" in segregation without due process, that Rau and Defendant Hershberger conspired to send the Plaintiff from USP-Marion to USP-Florence, and that Defendant Rau intentionally withheld his earned wages at his transfer, all in retaliation for his "legitimate assertion of First Amendment rights."  Plaintiff states that Defendant Stepp was aware of Rau and Hershberger's treatment of him, but did nothing to stop it.

### *Noise*

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause.  First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized

measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

Under this analysis, Courts have held that excessive noise every night, all night, that prevents an inmate's sleep, is actionable under the Eighth Amendment. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996). "Incessant" or "constant" noise that adversely affects an inmate's hearing can also state a constitutional claim. *See Williams v. Boles*, 841 F.2d 181, 183 (7th Cir. 1988); *Toussaint v. McCarthy*, 801 F.2d 1080, 1110 (9th Cir. 1986). But "a few hours of periodic loud noises that merely annoy, rather than injure the prisoner does not demonstrate a disregard for the prisoner's welfare." *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994).

Plaintiff states that the noise intentionally caused by Defendant Rau was so loud that it caused, "bleeding, contusions, and lacerations." It is not clear to the Court how a loud noise of short duration experienced only weekly could cause such injuries, but at this point in the litigation, the Court is not to evaluate the veracity of Plaintiff's claims, but to take them as factually true. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 1999) (court must take factual allegations as true and draw reasonable inferences in plaintiff's favor). This being the case, the Court has no choice but to allow Plaintiff to proceed on the Eighth Amendment claim regarding excessive noise. *See* 28 U.S.C. § 1915A.

*Deprivation of Sleep*

Plaintiff also appears to allege that the loud noises disrupted his sleep. To state that such a claim is of constitutional dimension, as noted above, Plaintiff must show that he was denied "the minimal civilized measure of life's necessities," creating an excessive risk to his health or safety.

*See Farmer*, 511 U.S. at 834. Plaintiff has not stated that his sleep was interrupted so frequently that he was unable to sleep at all or that he was deprived of sleep for significant periods of time. The Court finds that Plaintiff has not stated a deprivation that could possibly have caused a risk to his health or safety. As such, Plaintiff has not stated an actionable claim. Accordingly, Plaintiff's claim that his loss of sleep states a claim under the Eighth Amendment is **DISMISSED with prejudice.**

*Retaliation*

Plaintiff also states that Defendants retaliated against him for complaining about the excessive noise caused by Defendant Rau by transferring him to another Bureau of Prisons facility, by putting him in detention, and by denying him his earned pay.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Based on these standards, the Court is unable to dismiss these claims at this point in the litigation. *See* 28 U.S.C. § 1915A.

*Bureau of Prisons as Defendant*

Plaintiff names as a Defendant the Bureau of Prisons itself. The Bureau of Prisons, as a federal agency, is not amenable to suit in a *Bivens* action. *See FDIC v. Meyer*, 510 U.S. 471, 483-486 (1994). Accordingly, the Bureau of Prisons is **DISMISSED** from the action.

In summary, Plaintiff is allowed to proceed on his Eighth Amendment claim regarding excessive nose and on his claims of retaliation against Defendants Rau, Hershberger, and Stepp.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for defendants *Rau, Hershberger, and Stepp*.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants *Rau, Hershberger, and Stepp* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure, and on the United States Attorney for the Southern District of Illinois and the Attorney General of the United States, Washington, D.C., pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Bureau of Prisons who no longer can be found at the work address provided by Plaintiff, the Bureau of Prisons shall furnish the Marshal with the defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from the B.O.P. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:  July 20, 2005**

                                        **s/ WILLIAM D. STIEHL**
                                          **DISTRICT JUDGE**