IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOB A. CUSTARD, Inmate #02728-031, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 04-080-WDS |
| | ) |
| RUSSELL RAU, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

This action comes before the Court on Plaintiff's motions to strike passages from the Court's July 20, 2005, order (Doc. 14) and to reconsider the order (Doc. 15).

Plaintiff requests that the Court strike from its July 20, 2005, order referring the case to a United States Magistrate Judge, certain passages which the Plaintiff believes show bias against him by the Court. The passages to which Plaintiff takes exception are all accurate statements of the law regarding civil litigation in which a prisoner seeks to proceed without payment of fees under 28 U.S.C. § 1915. The Court is required to review all such complaints before the case may proceed further.

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

Plaintiff believes that the Court's statements that the Court "has no choice but to allow Plaintiff to proceed" (referring to proceeding under the dictates of section 1915A) and "based on these standards the court is unable to dismiss these claims" (again, under the dictates of section 1915A) show "patently obvious bias" against him. This is incorrect. These statements reflect the law as it currently stands, namely, that where a Plaintiff has stated a constitutional claim, he is allowed to proceed with his case.

Plaintiff also states that the following statement from the July 20, 2005, is inaccurate because an exhibit submitted with his complaint shows that he hit his shin as a result of Defendant Rau's bar-rattling.

> Plaintiff claims that the noise intentionally caused by Rau was so loud that it caused "bleeding, contusions, and lacerations." It is not clear to the Court how a loud noise of short duration experienced only weekly could cause such injuries, but at this point the Court is not to evaluate the veracity of Plaintiff's claims, but to take them as factually true. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 1999) (court must take factual allegations as true and draw reasonable inferences in plaintiff's favor).

This statement expresses the Court's difficulty interpreting the Plaintiff's Statement of Claim in Section VI on pages 4 and 5 of the complaint. In that section Plaintiff is instructed to state the facts of his case, including "who, what, when, where, and how you feel your constitutional rights were violated." Nowhere in this section does Plaintiff state the nature of his injuries. Plaintiff must state his constitutional claims on the face of his complaint. The Court is not required to search for and make out claims that may be buried in the pages of the exhibits submitted to the Court.

Plaintiff also believes that the statement amounts to the Court calling him a liar. This, too, is incorrect. The Court was reiterating its perplexity at the incomplete statement of the claim on the face of the complaint and then stating that the Court is not allowed to question what seems illogical.

This is an accurate statement of the law.

Based on the foregoing, Plaintiff's motion to strike portions of the Court's July 20, 2005 order (Doc. 14) is **DENIED**.

Plaintiff also requests that the Court reconsider the July 20, 2005, order because Plaintiff claims that the Court improperly dismissed the Bureau of Prisons ("BOP") as a defendant. Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

The order was entered in this action on July 20, 2005, and the instant motion was filed on August 2, 2005. Giving Plaintiff the benefit of the doubt regarding mailing time, the Court finds that the order was filed within the 10-day period. *See* FED.R.CIV.P. 59(e). Therefore, under *Deutsch*, the Court will construe the motion as a motion to alter or amend judgment, filed pursuant to Rule 59(e), which may only be granted if a movant shows there was mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Upon review of the record, the Court remains persuaded that its ruling dismissing the Bureau

of Prisons was correct. Plaintiff indicates in the motion that he "invoked jurisdiction pursuant to 28 U.S.C. §§ 1346 and 2671-2680." Nowhere on the face of the complaint does Plaintiff indicate that he intends to proceed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. He did not check the box on the complaint so indicating and he did not make any such statement on the face of the complaint or the "brief in support of the complaint." As such, the complaint presents a civil rights action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The Bureau of Prisons is not subject to suit in a *Bivens* action. *See FDIC v. Meyer*, 510 U.S. 471, 483-486 (1994). Furthermore, even if Plaintiff had properly made a claim to proceed under the FTCA, the Bureau of Prisons would still have been dismissed because the United States is the only proper defendant in an FTCA action. *See id.* at 476. Therefore, the instant motion (Doc. 15) is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED: August 12, 2005**


                                      **s/ WILLIAM D. STIEHL**
                                          **DISTRICT JUDGE**