IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOB ALLEN CUSTARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Case No.   04-80-WDS |
| | ) |
| RUSSELL RAU, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are plaintiff's motions for default judgment (Doc. Nos. 22, 24).  Plaintiff seeks judgment in his favor in the sum of $375,000.00.  He argues that the defendants were to be served and have not answered the Complaint.

The U.S. Marshals Service was appointed to serve process on defendants Rau, Hershberger, and Stepp on July 20, 2005.  The Clerk delivered notice and waiver forms to the U.S. Marshals Service, along with USM-285 forms prepared by plaintiff.

On October 13, 2005, requests for waivers were delivered to the U.S. Attorney for the Southern District of Illinois and sent to the defendants by certified mail (Doc. Nos. 18, 19, 20, 21).  The defendants did not sign waivers or return them to the Marshals Service within 30 days.  It appears that the waivers were mailed to an incorrect address (Doc. No. 23).

On November 30, 2005, the U.S. Marshals Service was informed that defendant Hershberger has retired.

On January 3, 2006, the U.S. Marshals Service filed a motion seeking an order directing the

Bureau of Prisons to provide a last known address for defendant Hershberger (Doc. No. 17).  That motion was granted on February 22, 2006 (Doc. No. 26).

Default judgment may be entered against a party that has failed to plead.  Fed. R. Civ. P. 55.  However, the defendants are not required to plead before they have waived service or are served with summons and the Complaint.  Fed. R. Civ. P. 12(a)(1).  The materials on file do not show that the defendants have been served with summons and the Complaint or have waived service.  Hence, plaintiff is not entitled to default judgment.

Plaintiff is entitled to rely on the U.S. Marshals Service to serve process.  Accordingly, the deadline for service should be extended for 60 days.  The Bureau of Prisons should be directed to provide he U.S. Marshals Service with service addresses for defendants Rau and Stepp within 14 days.  The Clerk should be directed to issue summons and the U.S. Marshals Service should be directed to personally serve defendants Rau, Hershberger, and Stepp within 45 days.  The U.S. Marshals Service should also be directed to file supplemental returns with the Clerk within 60 days.

IT IS RECOMMENDED that plaintiff's motions for default judgment (Doc. Nos. 22, 24) be DENIED and that the U.S. Marshals Service be directed to personally serve the defendants.

**SUBMITTED:**   April 18, 2006   .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**